THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Adrian Eaglin, Appellant.
 
 
 

Appeal From Lexington County
 R. Knox McMahon, Circuit Court Judge

Unpublished Opinion No.  2012-UP-218
 Heard February 13, 2012  Filed April 4,
2012

REVERSED AND REMANDED

 
 
 
 Appellate Defender Dayne C. Phillips and Appellate Defender M.
 Celia Robinson, both of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy Attorney General John
 W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney
 General Mark R. Farthing, all of Columbia, and Solicitor Donald V. Myers, of
 Lexington, for Respondent.
 
 
 

PER CURIAM: Adrian Eaglin appeals his sentences for
 two counts of assaulting a correctional officer.  Eaglin argues the trial court
 should have sentenced him to concurrent instead of consecutive sentences.  We
 reverse and remand for resentencing.  
Eaglin assaulted
 two correctional officers while awaiting trial in the Lexington County jail.  At
 the time of his convictions for the assaults, he was still awaiting trial and
 not serving an active sentence.  Section 16-3-630 of the South Carolina Code
 (2003)[1] states that a sentence imposed for a conviction for assaulting a correctional
 officer "must be served consecutively to any other sentence the person is
 serving."  During sentencing, the trial judge stated the statute meant
 Eaglin's assault sentences had "to run consecutive to each other or
 consecutive to his active sentence, which he doesn't have one."  When the
 judge later announced the consecutive sentences, he did not indicate whether he
 based that decision on section 16-3-630 or on his discretionary power to impose
 consecutive or concurrent sentences.  See Major v. S.C. Dep't of
 Prob., Parole & Pardon Servs., 384 S.C. 457, 465-66, 682 S.E.2d 795,
 799-800 (2009) (stating "a court's final judgment in a criminal case is
 the pronouncement of the sentence which includes the ability to designate
 whether sentences run concurrent or consecutive, subject to statutory
 restrictions").  
The court could have
 imposed the consecutive sentences based on its interpretation of section
 16-3-630 or based on its view of the facts of the case.  § 16-3-630 (stating a person
 convicted of assaulting a correctional officer "must serve a mandatory
 minimum sentence of not less than six months nor more than five years").  While
 we disagree with the trial court that it was required to issue consecutive
 sentences under section 16-3-630, we cannot tell whether the consecutive sentences
 were imposed based on the statute or on the judge's discretionary sentencing
 power, regardless of the statute.  Therefore, we reverse and remand for
 resentencing.
FEW, C.J., and
 HUFF and SHORT, JJ., concur.  

[1] Section 16-3-630 was repealed by 2010 Act No. 273 §
 7.A on June 2, 2010.